|, ARMSTRONG, Judge.
This is an appeal from the trial court’s denial of an award of attorney’s fees to the defendant in an employment discrimination action in which the plaintiff failed to prevail. We find that the attorney’s fee statute in question makes the award of attorney’s fees discretionary with the trial court (rather than mandatory). We also find that the statute, which was enacted recently, is not applicable to this action which was filed almost three years ago. Therefore, we will affirm the judgment of the trial court.
*978 Plaintiff Larry Morgan filed this employment discrimination action against defendant New Orleans Public Facility Management, Inc. on April 29, 1996. Mr. Morgan’s petition included claims under Title 23 of the Revised Statutes.
The defendant filed a motion for summary judgment which was granted by the trial court on November 8, 1996. Mr. Morgan appealed that summary judgment and this court affirmed on November 26, 1997. Mr. Morgan filed a petition for cer-tiorari with the Louisiana Supreme Court which was denied on February 20, 1998.
| j>,On May 14, 1998, the defendant filed in the trial court a motion for an award of costs and attorney’s fees. The trial court granted most of the costs sought by defendant but denied any award of attorney’s fees. The defendant then brought the present appeal challenging the trial court’s denial of attorney’s fees.
The defendant relies upon La. R.S. 23:325 B which provides in pertinent part:
Any party filing suit under this Part who fails to prevail in his cause of action shall be held responsible for reasonable attorney’s fees and all court costs at the discretion of the judge.
This statute was enacted effective August 1997, which was while Mr. Morgan’s appeal was pending in this court. Apparently, there are not yet any published appellate decisions construing the statute.
We believe that the statute gives the trial court discretion as to whether or not to award attorney’s fees. The defendant argues that the phrase “at the discretion of the judge” in the statute refers to the amount of attorney’s fees and costs rather than discretion as to whether or not to award attorney’s fees and costs. We disagree.
We believe that the phrase “at the discretion of the judge” is intended to modify all of the sentence in which that phrase appears so that the phrase gives the trial court discretion over the whole question of whether or not to award any attorney’s fees at all. Indeed, the statute states that “reasonable” attorney’s fees and “all” court costs shall be awarded so, if the discretion of the trial court is restricted, it is as to the amount of attorney’s fees and court costs awarded.
The defendant also argues that the statute’s use of the word “shall” denies any discretion to the trial court as to whether or not to award attorney’s fees. We hagree that the word “may,” instead of “shall,” would be more appropriate in light of the trial court’s having discretion, but we believe that the phrase “at the discretion of the judge” expresses clearly the import that the trial judge has discretion as to whether or not to award attorney’s fees. The defendant does not argue that the trial judge abused her discretion in denying attorney’s fees.
Also, we do not believe that this statute, enacted effective August, 1997, is applicable to the present action which was filed on April 29, 1996. The usual rule is that procedural laws can apply retroactively but that substantive laws apply prospectively only. La. R.S. 1:2; La. Civ.Code art. 6.
The defendant has not argued that the statute in question is procedural (rather than substantive) and has not argued that the statute is retroactive. Instead, the defendant argues that the “operative date” for application of the statute to the present case is the February 20, 1998 date when the Supreme Court denied Mr. Morgan’s writ application. Specifically, the defendant argued that the date of the denial of Mr. Morgan’s writ application was the date that he “failed to prevail.”
We believe that the relevant date, as to the applicability of the statute to the present case, is the April 29, 1996 date that Mr. Morgan’s petition was filed. The statute’s apparent purpose is to give defendant some financial relief from the expense of successfully defending against discrimination suits brought against them. It is the filing of the suit which causes the defense *979 expense. Also, the statute may be intended to deter the filing of unsupportable discrimination lawsuits. It is the filing of the suit which is to be deterred. In either case, it is the filing of the suit which is the event at which the statute is directed. Also, as Mr. Morgan had control over whether to file suit, but did not have control over whether he prevailed, it is far fairer to decide the applicability of the statute to his 14action in terms of the date that he filed suit rather than the date upon which he failed to prevail.
There has been no appeal or answer to appeal by Mr. Morgan as to the award of costs.
We express no view as to the timeliness of the defendant’s motion for attorney’s fees and costs.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.